### JASPER N. DODGE *vs.* EDWIN CORBIN.

No Issue roll is required in *certiorari*, and hence no fee can be taxed for making one.

The plaintiff in error, in *certiorari* cases, is entitled to an attorney fee of $15, in case the judgment is reversed.

Sub. 5, of Sec. 1, Act 28, *S. L.* 1869, has no application to *certiorari* cases.

*Kalamazoo Circuit, May,* 1871.

DODGE vs. CORBIN.

*R. F. Hill,* for Appellant.

*H. C. Briggs,* for Appellee.

*By the Court,* BROWN J.—This is an appeal from the determination of the Clerk, in the taxation of costs.

The appellant is plaintiff in error, and brought the original cause into this Court, upon *certiorari,* from Justice's Court.

The judgment of the Court below was reversed, whereupon plaintiff in error presented to the Clerk, for allowance and taxation, the following

### BILL OF COSTS.

| | |
|---|---:|
| Attorney Fee: For proceedings before trial............$10 00 | |
| After notice and before trial............ 5 00 | |
| Trial of issue of law (*certiorari,*)—judgment reversed............ 15 00 | |
| County Fee................. 2 00 | |
| Clerk's fee................. 5 31 | |
| Commissioner's fee on allowing *certiorari*............ 2 00 | |
| Issue Roll, 75 folios, at 10 cents per folio............ 7 50 | |
| Witness fees on trial in Court below: | |
| James De Abram, 2 days and 22 miles travel 2 32 | |
| Samuel C. Cavenaugh 4 days and 40 " " 4 40 | |
| Justices fees, as taxed in Court below............ 3 90 | |
| Constable's fees in Court below............ 35 | |
| Affidavit to Fee Bill............ 25 | |
| Taxation of costs............ 25 | |

| | |
|---|---:|
| Total, | $58 28 |

The appellee (defendant in error) objected to the item charged for issue roll, to the costs in Justice's Court in excess of $7 34, and to the taxation of an attorney's fee exceeding $15.

Rule 97 provides that " the party having the affirmative of the issue, and bringing the case to trial or hearing, shall prepare an issue roll containing copy of the pleadings and any notice of set off or of special matter of defence which may have been given under the general issue, and such roll shall be used on the trial or hearing instead of the original files in the cause, and such

original files shall not be removed from the Clerk's office to be used on such trial or hearing without the special order of the Court."

Rule 98 provides that if the party required to prepare such roll shall recover costs in the suit, he shall be entitled to tax as a part thereof, 10 cents for each folio of 100 words contained therein.

The issue roll referred to, is to contain " a copy of the pleadings, and any notice of set off or of special matter of defence which may have been given under the general issue." The plaintiff in error claims that the issue roll in this case consists of his affidavit with assignments of error and the Justice's return. The simple statement of the claim in connection with the language of the rule, would seem sufficient to justify the conclusion arrived at by the Clerk, that the claim should be rejected. The plaintiff in error was compelled to make his affidavit in order to procure his writ. The Justice made his return and the hearing was had upon the original papers.

Paragraph 3880, C. L., referring to the Justice's return in such cases, provides "that where such return shall be so filed with the Clerk, the cause may be brought on to argument, at any term of the Court thereafter, without any assignment and joinder in error, unless there be an allegation of error in fact; and without furnishing any other copy or copies of the affidavit, certiorari and return to the Court, or the opposite party than those filed with the Clerk."

The costs in the Court below, $10 99, are admitted to be excessive, and the Clerk taxed the same at $7 34.

Subdivision 5, of section 1, of act number 28, Session Laws of 1869, provides that the prevailing party shall recover his costs for proceedings before notice of trial, in " all other civil actions at law," (i. e. those not otherwise provided for,) $10, and for all subsequent proceedings before trial, $5, and it is under this provision that the plaintiff in error claims the right to have taxed the first two items in his bill.

We understand an action at law to be the legal demand of one's rights, or the form given by law for the recovery of that which is due. The proceeding by certiorari is designed to cor-

rect errors in the adjudication or determination of the matters in controversy between the parties, and is unlike ordinary actions at law, in that by it questions of fact are not determined, but the law is applied to the facts exhibited by the record. It would thus seem that the 5th subdivision of section 1, could not have been intended to apply to cases of *certiorari*. That it was not intended is evident by reference to the 10th subdivision of the same section, which provides that in all cases of *certiorari* to a Circuit Court, the plaintiff in error on reversal of the judgment shall recover $15 00. This must be deemed conclusive, and the first two items in appellant's bill should be stricken out.

The Clerk commited no error, and his decision should be affirmed.